Filed 12/19/13  Sonic-Calabasas A v. Moreno CA2/4
Opinion following remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SONIC-CALABASAS A, INC., | B204902 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS107161) |
| v. | |
| FRANK MORENO, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Aurelio N. Munoz, Judge.  Reversed and remanded.

Fine, Boggs & Perkins, John P. Boggs and David J. Reese for Plaintiff and Appellant.

Locker Folberg, Rachel Folberg and Miles E. Locker for Defendant and Respondent.

This case returns after remand from our Supreme Court with directions that it be sent back to the trial court for that court to determine whether the arbitration agreement in question is unconscionable. We will direct the trial court to make findings in that regard.

## FACTUAL AND PROCEDURAL BACKGROUND

We draw the facts from the Supreme Court's opinion.

Frank Moreno is a former employee of Sonic-Calabasas A, Inc. (Sonic), which owns and operates an automobile dealership. Moreno signed an employment agreement that required both parties to submit all employment-related disputes to binding arbitration under the Federal Arbitration Act (FAA). Notwithstanding the agreement, Moreno filed an administrative wage claim for unpaid vacation pay with the Labor Commissioner pursuant to Labor Code section 98 et seq., requesting what is known as a Berman hearing. Sonic petitioned the superior court to compel arbitration of the wage claim and dismissal of the administrative claim, arguing that Moreno waived his right to a Berman hearing by signing the arbitration agreement. (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1125-1126.)

The trial court denied the petition to compel, concluding that public policy demanded that until the Berman hearing was held the arbitration provisions of the employment contract were unenforceable. Sonic appealed.

This court determined that by signing the arbitration agreement, Moreno waived his right to a Berman hearing. Relying on the terms of the agreement, we found that Moreno was barred from pursuing relief in any judicial or other governmental dispute resolution forum, subject to specific enumerated exceptions and ordered the superior court to grant Sonic's petition to compel arbitration.

Our Supreme Court reversed, reasoning that Moreno could not be required to waive his right to a Berman hearing before proceeding to arbitration. Sonic then petitioned the United States Supreme Court for a writ of certiorari. The high court granted the petition, vacated our Supreme Court's opinion, and remanded the case for

2

that court to further consider the case in light of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [179 L.Ed.2d 742, 131 S.Ct. 1740] (*Concepcion*). (*Sonic-Calabasas A, Inc. v. Moreno*, *supra*, 57 Cal.4th at pp. 1126-1127.)

After considering the effect of *Concepcion*, our Supreme Court determined that the FAA preempted its original ruling that categorically prohibited the waiver of a Berman hearing in arbitration agreements. (*Sonic-Calabasas A, Inc. v. Moreno*, *supra*, 57 Cal.4th at p. 1139.) The court went on to conclude that "Moreno has asserted an unconscionability defense, whose merits should now be determined by the trial court in the first instance in light of our decision today. Accordingly, we reverse the judgment of the Court of Appeal granting the petition to compel arbitration and remand with directions to remand the case to the trial court for proceedings consistent with this opinion." (*Id.* at pp. 1171-1172.)

## DISPOSITION

This matter is remanded to the trial court for it to consider, under the guidelines set forth in the second *Sonic* decision, whether the arbitration agreement between the parties is unconscionable. The parties are to bear their own costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SUZUKAWA, J.

We concur:

WILLHITE, Acting P. J.          MANELLA, J.

3